IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-00161-FL-1
No. 5:25-CV-00722-FL

| | |
|---|---|
| **Jamil Hassan Lewis,** | |
| Petitioner, | |
| v. | **Order &** |
| | **Memorandum & Recommendation** |
| **United States of America**, | |
| Respondent. | |

Petitioner Jamil Lewis, proceeding under 28 U.S.C. § 2255, seeks to vacate the 24-month sentence the district court imposed after revoking his supervised release. D.E. 90, 93.[1] In his § 2255 motion, Lewis claims his underlying firearms conviction runs afoul of his Second and Fourteenth Amendment rights. He has also filed a motion for release. Mot. D.E. 97. The United States has moved to dismiss Lewis's motion. D.E. 102.

After reviewing the docket and the parties' arguments, the undersigned finds that Lewis is not entitled to relief. The issues Lewis raises are untimely and procedurally defaulted. What's more, he raises no substantively meritorious claim. So the District Court should deny Lewis's Motions to Vacate (D.E. 90, 93) and grant the United States' Motion to Dismiss (D.E. 102).[2] And Lewis is not entitled to release, so the court denies his request (D.E. 97).

---

[1] Following a firearms conviction, Lewis received a sentence of 48 months imprisonment followed by three years of supervised release. *See* Am. J., D.E. 65. New criminal conduct coupled with absconding from supervision formed the basis of his revocation. *See* Revocation J., D.E. 89.

[2] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation under 28 U.S.C. § 636(b)(1).

## I. Background

In May 2018, a federal grand jury indicted Lewis on one count of being a felon in possession of a firearm and ammunition. Indictment, D.E. 1. Ten months later and without a plea agreement, Lewis pleaded guilty to the charge.

In December 2019, the district court sentenced Lewis to 63 months in prison followed by three years of supervised release. J., D.E. 46. Following a successful appeal, the court, in June 2020, resentenced Lewis to 48 months in prison and three years of supervised release. Am. J., D.E. 65. Lewis did not appeal his revised sentence.

After being released from prison, Lewis was arrested for violating the terms of his supervised release. In February 2025, the district court revoked his supervised release and sentenced him to 24 months in prison. Revocation J., D.E. 89.

Lewis filed a § 2255 motion in November 2025. Mots. to Vacate, D.E. 90, 93. He claims that, despite his prior felony conviction, the Second Amendment did not permit the government to prohibit him from possessing a firearm and ammunition. The United States responded by asking the court to dismiss Lewis's motion because it is untimely, procedurally defaulted, and fails to state a claim. Mot. to Dismiss, D.E. 102.

## II. Analysis

Lewis contends that his firearm conviction wrongly relies on his previous convictions and violates his Second Amendment rights. Citing *New York State Rifle & Pistol Ass'n* v. *Bruen*, 597 U.S. 1 (2022), Lewis asserts that he is entitled to possess a firearm and the government has failed to show that his conviction does not run afoul of the Second Amendment.

The United States argues that Lewis is not entitled to relief for three reasons. Mem. in Supp., D.E. 103. First, it contends that Lewis's motion is untimely. Second, the government argues

that he procedurally defaulted the issue because he did not raise it on appeal. And third, it maintains that there is no merit to his claim as Fourth Circuit case law forecloses his challenge.

### A. Standard of Review for § 2255 Petitions

Lewis can prevail on his motion to vacate in four ways. He could show that the district court imposed a sentence that violated the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Or he could establish that the court lacked jurisdiction to sentence him. *Id.* He could also show that his sentence exceeded what the law allowed. *Id.* And if he cannot make any of those showings, he could still prevail by showing that his sentence was otherwise subject to collateral attack. *Id.* No matter which avenue he pursues, he must show that he is entitled to relief by a preponderance of the evidence. *Miller* v. *United States*, 261 F.2d 546, 547 (4th Cir. 1958).

The United States asks the court to dismiss Lewis's motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim for relief. The Federal Rules apply to a § 2255 motion only if they do not conflict with any other statutory provisions or the procedural rules specifically applicable to § 2255 motions. Rules Governing Section 2255 Proceedings, Rule 12. There is no conflict here, so the court will apply the standard for Rule 12(b)(6) motions in assessing the adequacy of Lewis's motion.

The Supreme Court has explained that to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, while a court must accept all the factual allegations in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* The

3

court may also consider documents in the public record, *Philips* v. *Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), and in the context of a § 2255 motion, "the files and records of the case[,]" 28 U.S.C. § 2255(b).

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory or just a formulaic recitation of the elements of a claim. *Iqbal*, 556 U.S. at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

### B.      Timeliness

#### 1.      Section 2255(f)(1)

As a general matter, a § 2255 motion must be filed no later than one year after the defendant's "judgment of conviction becomes final[.]" 28 U.S.C. § 2255(f)(1). The district court entered Lewis's Amended Judgment on June 12, 2020. The Amended Judgment became final 14 days later when Lewis's time to appeal expired. Fed. R. App. P. 4(b)(1)(A). So he had until June 26, 2021, to file his § 2255 motion. But since he waited over four years after entry of the Amended Judgment to do so, his motion is untimely and should be denied.[3]

---

[3] The motion does not relate to Lewis's February 2025 revocation judgment, so its filing does not trigger the limitations period under § 2255(f).

4

**2. Section 2255(f)(3)**

Federal law extends the deadline for filing a § 2255 motion when the motion is based on a decision by the Supreme Court issued after his conviction became final. *Id.* § 2255(f)(3). A movant has one year to file a § 2255 petition from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.*

The Supreme Court decided *Bruen* on June 23, 2022, one year after Lewis's conviction became final. His November 2025 § 2255 motion comes more than three years after the *Bruen* decision, so it is not timely. What's more, neither the Supreme Court nor the Fourth Circuit has held that *Bruen* applies retroactively to cases on collateral review. *See Young* v. *United States,* No. 2:24-00441, 2025 WL 1673847, at *3 (S.D.W. Va. Feb. 3, 2025) (collecting cases recognizing that "neither the Supreme Court nor the Fourth Circuit has held that *Bruen* applies retroactively to cases on collateral review"). Lewis thus cannot show that his motion is timely under § 2255(f)(3).

So the present petition is untimely. *See Wilkins* v. *United States*, No. 5:13-CR-00214-M, 2026 WL 937410, at *2 (E.D.N.C. Apr. 7, 2026). The district court should thus deny his motion on this basis.

**C. Procedural Default**

Even if it were timely, Lewis failed to raise the challenge he now asserts on direct appeal. So he has procedurally defaulted this claim.

In general, a petitioner may not bring claims under § 2255 that he could have raised on direct appeal. *United States* v. *Frady*, 456 U.S. 152, 167 (1982); *Massaro* v. *United States*, 538 U.S. 500, 504 (2003). To overcome this bar, the petitioner must show "cause and actual prejudice"

5

or establish that he is "actually innocent[.]" *Bousley* v. *United States*, 523 U.S. 614, 622 (1998) (internal quotation marks and citations omitted).

Cause for procedural default "turn[s] on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States* v. *Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). Although "[t]he Supreme Court has yet to define the exact contours of the prejudice standard in the § 2255 procedural-default context[,]" a petitioner must ordinarily "show that the error 'worked to his *actual* and substantial disadvantage.'" *United States* v. *McKinney*, 60 F.4th 188, 195 (4th Cir. 2023) (quoting *Frady*, 456 U.S. at 170) (emphasis in original). And actual innocence depends on factual innocence and "is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *See Mikalajunas*, 186 F.3d at 494.

Lewis did not raise this issue on appeal. So he has procedurally defaulted on his claim unless he can show one of the recognized exceptions applies. He cannot do so.

When a party attempts to establish cause through an intervening change in the law, he must show that "the legal basis for the claim was not reasonably available when the matter should have been raised." *Id.* at 493. But even before *Bruen*, other defendants had argued that § 922(g)(1) is unconstitutional because it violates the Second Amendment, on its face and as applied to them. *See, e.g.*, *United States* v. *Loveland*, No. 1:11-CR-13, 2011 WL 4857980, at *4 (W.D.N.C. Sept. 7, 2011), *adopted by* 2011 WL 4857943 (W.D.N.C. Oct. 13, 2011). Lewis's claim is thus not novel. *Bousley*, 523 U.S. at 622 (citations omitted); *see also United States* v. *Campbell*, No. CR 2:17-1180-BHH, 2026 WL 538676, at *6 (D.S.C. Feb. 26, 2026) (finding that petitioner could not show that *Bruen* was so novel to overcome procedural default). So the argument was available to Lewis when he was eligible to pursue a direct appeal.

6

Lewis offers no allegations suggesting he could not have raised this issue in his direct appeal. And as discussed below, there is no merit to his position that case law provides him relief from his conviction and sentence. So he cannot establish cause and prejudice to surmount the procedural bar on this claim.

Nor can Lewis show actual innocence to excuse his procedural default. To show actual innocence, a petitioner must show that he "has been incarcerated for a crime he did not commit." *United States* v. *Jones*, 758 F.3d 579, 584 (4th Cir. 2014). Lewis's guilty plea contradicts any actual innocence claim he may make.

Because Lewis has procedurally defaulted this claim, the court should deny his motion.

**D.        Failure to State a Claim**

Even if he had timely raised the issue and not procedurally defaulted this claim, Lewis's contentions are misplaced. There is no merit to his argument that his prior convictions were improperly used to restrict his firearms possession.

The *Bruen* decision announced a new history-focused framework for assessing the constitutionality of firearm regulations. 597 U.S. 1. After *Bruen*, the Fourth Circuit determined that § 922(g)(1) remains "facially constitutional." *United States* v. *Canada*, 123 F.4th 159, 161–62 (4th Cir. 2024). And it concluded that *Bruen* did not abrogate its earlier precedent which foreclosed as-applied challenges to § 922(g)(1). *United States* v. *Hunt*, 123 F.4th 697, 700–02 (4th Cir. 2024) (concluding that prior Fourth Circuit precedent did not allow as-applied challenges to § 922(g)(1) in the absence of a pardon on the predicate felony conviction or the law defining the predicate offense being found unconstitutional or unlawful).

Lewis does not contend that he has been pardoned on any of his prior felony convictions. Nor does he claim that the statutes underlying those convictions have been found unlawful. So his motion is subject to dismissal.[4]

Because controlling case law precludes relief on the arguments Lewis advances in his § 2255 motions, the court should deny his claim.

## III.  Conclusion

For these reasons, the court denies Lewis's motion for release (D.E. 97). The undersigned recommends that the court deny Lewis's Motions to Vacate (D.E. 90, 93) and grant the Government's Motion to Dismiss (D.E. 102).

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared here. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will

---

[4] In support of his arguments, Lewis cites *Range* v. *Garland*, 124 F.4th 218 (3d Cir. 2024). In that case, the defendant had a misdemeanor conviction for "making a false statement on an application for food stamps[.]" *Id*. at 231. The Third Circuit held that the Government failed to carry its burden of showing "principles underlying the Nation's historical tradition of firearms regulation" to support disarming the defendant. *Id*. at 232. Section 922(g)(1) was thus held to be unconstitutional as applied to him. But Lewis's reliance on *Range* is misplaced. First, the decision by the Third Circuit is not binding here on district courts in the Fourth Circuit. *See CASA de Maryland, Inc.* v. *Trump*, 971 F.3d 220, 260 (4th Cir. 2020) ("Congress deliberately created a system of regional courts of appeals whose decisions are not binding on one another."); *Rosmer* v. *Pfizer Inc.*, 263 F.3d 110, 118 (4th Cir. 2001) (explaining that the Court of Appeals for the Fourth Circuit has its "own duty to interpret the law" independent of the other circuit courts). Second, Lewis does not have a misdemeanor conviction analogous to the one at issue in *Range*. Instead, his several felony convictions, including common law robbery, possession of stolen property, possession of a stolen motor vehicle, and discharging a weapon into an occupied property distinguish the *Range* holding and support a basis for a firearms restriction. *See* Presentence Investigation Report ¶¶ 18, 19, 21, 22, 25, 26, and 28, D.E. 39.

have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: June 24, 2026

Robert T. Numbers, II
United States Magistrate Judge

9